UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARVIN BERNSTEIN, Director, Mental
Hygiene Legal Service, First Judicial
Department, and MICHAEL B., EUGENE C.,
and EDDIE L., patients at Kirby Forensic
Psychiatric Facility, on behalf of
themselves and on behalf of all others
similarly situated,

                              Plaintiffs,

            - against -

                                              Docket Number
                                              05-CV-1322 (GEL)
                                              (THK)

GEORGE E. PATAKI, in his official
capacity as Governor of the State of New
York, SHARON CARPINELLO, in her official
capacity as Commissioner of the New York
State Office of Mental Health, and EILEEN
CONSILVIO, in her official capacity as
Director of Kirby Forensic Psychiatric
Facility,

                              Defendants.

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO
PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**

                    ELIOT SPITZER
                    Attorney General of the State
                     of New York
                    <u>Attorney for Defendants</u>
                    120 Broadway, 24th Floor
                    New York, New York 10271
                    (212) 416-8641

                    June 6, 2005

EDWARD J. CURTIS, JR.
JAMILA BERRIDGE
Assistant Attorneys General
<u>of Counsel</u>

W. BRAD JARMAN
Law Student Intern

# TABLE OF CONTENTS

**Page**

Table of Authorities . . . . . . . . . . . . . . . . . . . . . . iii

PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

POINT I    - PLAINTIFFS FAIL TO DEMONSTRATE THAT THEY
              SATISFY THE PREREQUISITES FOR CERTIFICATION
              OF A CLASS ACTION . . . . . . . . . . . . . . . . 2

A. Plaintiffs Offer No Cognizable Evidence
   Sufficient To Establish That They Meet
   The Prerequisites For A Class Action . . . . . . . . . . 3

B. Plaintiff Have Failed To Establish That
   The Class Is So Numerous That Joinder Is
   Impracticable . . . . . . . . . . . . . . . . . . . . . 4

      i. The proposed class' size is small
         enough that joinder is practical . . . . . . . . . 4

     ii. The proposed class' size is not so
         fluid as to warrant certification of a class . . . 6

    iii. The declaratory relief sought does not
         warrant class certification, as Defendants
         are government officials . . . . . . . . . . . . . 7

     iv. MHLS' duty to represent potential
         plaintiffs weighs against class certification . . . 8

      v. The interests of judicial economy need not
         prevent potential plaintiffs from pursuing
         and controlling their own remedies . . . . . . . . 8

     vi. That all potential plaintiffs are located
         at Kirby weighs against certification
         of a class . . . . . . . . . . . . . . . . . . . . 9

i

Page

    C. Plaintiffs Fail to Establish Commonality  . . . . . . 10

    D. Plaintiffs Have Not Demonstrated That Their
       Claims Are Typical Of All Class Members . . . . . . . 11

    E. The Named Plaintiffs Cannot Fairly and
       Adequately Protect the Interests of the
       Proposed Class  . . . . . . . . . . . . . . . . . . . 12

POINT II - PLAINTIFFS FAIL TO DEMONSTRATE THAT A
       CLASS ACTION IS MAINTAINABLE  . . . . . . . . . . . 13

CONCLUSION  . . . . . . . . . . . . . . . . . . . . . . . . 15

## TABLE OF AUTHORITIES

**CASES**                                                                **Page**

Aluminum Co. of America v. Federal Trade Committee,
    67 F.R.D. 510 (S.D.N.Y. 1975) . . . . . . . . . . . . 7

Andrews v. Brechtel Power Corp.,
    780 F.2d 124 (1st Cir. 1985) . . . . . . . . . . . . . 9

Ansari v. New York University,
    179 F.R.D. 112 (S.D.N.Y. 1998) . . . . . . . . . . . . 5

Berger v. Heckler,
    771 F.2d 1556 (2d Cir. 1985) . . . . . . . . . . . . . 7

Caridad v. Metropolitan-North Commuter R.R.,
    191 F.3d 283 (2d Cir. 1999), cert. denied, 529 U.S. 1107
    (2000) . . . . . . . . . . . . . . . . . . . . . . . 3

Cokely v. New York Convention Ctr. Operating Corp.,
    2003 U.S. Dist. LEXIS 5198 (S.D.N.Y. 2003) . . . . . . 3, 4

Danis v. USN Communications,
    189 F.R.D. 391 (D.N. Ill. 1999) . . . . . . . . . . . 5

DeMarco v. Edens,
    390 F.2d 835 (2d Cir. 1968) . . . . . . . . . . . . . 4

Dunnigan v. Metropolitan Life,
    214 F.R.D. 125 (S.D.N.Y. 2003) . . . . . . . . . 10, 11

Galvan v. Levine,
    490 F.2d 1255 (2d Cir. 1973), cert. denied, 417 U.S. 936
    (1974) . . . . . . . . . . . . . . . . . . . . . . . 7

Garcia v. Gloor,
    618 F.2d 264 (5th Cir. 1980) . . . . . . . . . . . . . 9

Gary Plastic Packaging Corp. v. Merrill Lynch, Pierce, Fenner &
    Smith, Inc.,
    903 F.2d 176 (2d Cir. 1990) . . . . . . . . . . . . 12

General Telephone Co. v. Falcon,
    457 U.S. 147 (1982) . . . . . . . . . . . . . . . . . 3

Ikonen v. Hartz Mountain Corp.,
    122 F.R.D. 258 (S.D. Cal 1988) . . . . . . . . . . . . 5

iii

**Page**

In re Philip Morris, Inc. (Philip Morris Cos.. v. National
 Asbestos Workers Medical Fund),
     214 F.3d 132 (2d Cir. 2000)  . . . . . . . . . . . . . .  3

Matter of Consilvio v. Michael B.,
     307 A.D.2d 852 (1st Dep't 2003), appeal dismissed, 1 N.Y.3d
      545 (2003), appeal denied 2 N.Y.3d 701 (2004) . . .  13, 14

Matter of John K.v. Consilvio,
     9 A.D.3d 256 (1st Dep't 2004) . . . . . . . . . . . . .  14

Oboler v. Insurance Co. of No. America,
     1994 U.S. Dist. LEXIS 10916 (S.D.N.Y.) . . . . . . . . .  4

Powers v. Government Employees Insurance Co.,
     192 F.R.D. 313 (S.D. Fla 1998) . . . . . . . . . . . . .  5

Robidoux v. Celani,
     987 F.2d 931 (2d Cir. 1993) . . . . . . . . . . . . . .  5

Robinson v. Metropolitan-North Commuter R.R.,
     267 F.3d 147 (2d Cir. 2001) . . . . . . . . . . .  10, 11

Ruiz v. Blum,
     549 F. Supp. 871 (S.D.N.Y. 1982) . . . . . . . . . . . .  7

Town of New Castle v. Yonkers Contracting Co.,
     131 F.R.D. 38 (S.D.N.Y. 1990) . . . . . . . . . . . . .  5

Zeidman v. J. Ray McDermott & Co.,
     651 F.2d 1030 (5th Cir. 1981) . . . . . . . . . . . . .  9

**FEDERAL STATUTES**

Federal Rules of Civil Procedure

     Rule 23 . . . . . . . . . . . . . . . . . . . . . . . . .  5

     Rule 23 (a) . . . . . . . . . . . . . . . . . . . . .  2, 3

     Rule 23 (b) . . . . . . . . . . . . . . . . . . . . . .  13

**STATE STATUTES**

Civil Practice Law and Rules

     Article 78 . . . . . . . . . . . . . . . . . . . . 9, 14

Criminal Procedure Law

     Section 730.40 . . . . . . . . . . . . . . . . . 1, 10, 12

Mental Hygiene Law

     Article 9 . . . . . . . . . . . . . . . . . . . . . 11

     Section 47.03 . . . . . . . . . . . . . . . . . . . 8

New York Codes, Rules and Regulations

     Title 14, Part 517 . . . . . . . . . . . . . . . . 13

**PRELIMINARY STATEMENT**

This memorandum is submitted on behalf of the defendants GEORGE E. PATAKI, Governor of the State of New York, SHARON CARPINELLO, Commissioner of the New York State Office of Mental Health ("Commissioner" or "OMH"), and EILEEN CONSILVIO, Director of Kirby Forensic Psychiatric Facility ("Director" or "Kirby") in opposition to Plaintiff's motion for class certification.

**STATEMENT OF FACTS**

On February 3, 2005, Plaintiffs filed the Complaint in this action, which alleges that incapacitated criminal defendants who are committed to Kirby in accordance with Section 730.40 of the Criminal Procedure Law ("CPL") are deprived of their right to due process and equal protection. On April 13, 2005, Defendants' motion to dismiss the Complaint was fully submitted to this Court. On April 21, 2005, Plaintiffs served the instant motion. In light of the pending motion, Defendants will not restate the facts except to the extent that they pertain to this motion.

The Complaint states that it is brought on behalf of "all persons retained at Kirby ... who originally entered Kirby as [CPL] 730.40 patients .... " Complaint, ¶ 3. Plaintiffs state that joinder of the class members is impracticable, given that at the time the action began, there were thirteen eligible class members at Kirby. Id., ¶ 4 (i). Plaintiffs state that the questions of law and fact involved are common to all members of

1

the class, that the claims of the named Plaintiffs are typical of the class, and that the named Plaintiffs will fairly and adequately represent the interests of the class. <u>Id.</u>, (ii)-(iv). Plaintiffs also state that Defendants "have acted and refused to act on grounds generally applicable to the class .... " <u>Id.</u>, ¶ 5.

Plaintiffs provided no affidavits in support of their motion. <u>See</u> Notice of Motion, dated April 21, 2005 ("upon the complaint ... and the accompanying memorandum of law"). Parts of Plaintiffs' memorandum contain unsworn statements concerning the proposed class. <u>See, e.g.</u>, Plaintiffs' Memorandum of Law in Support of Motion for Class Certification dated April 21, 2005 ("Plaintiffs' Memorandum") at 6-7, 10, 12, 13, 16-17.

**ARGUMENT**

**POINT I**

**PLAINTIFFS FAIL TO DEMONSTRATE THAT THEY SATISFY THE PREREQUISITES FOR CERTIFICATION OF A CLASS ACTION**

To certify a class, Plaintiffs must initially demonstrate that their claims satisfy the prerequisites for a class action, which are set out in paragraph (a) of Rule 23 of the Federal Rules of Civil Procedure ("FRCP"):

> Prerequisites to a Class Action. One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

2

Plaintiffs' motion should be denied because they have failed to demonstrate that they have  satisfied the numerosity, commonality, typicality, and adequacy requirements of FRCP 23(a).

**A. Plaintiffs Offer No Cognizable Evidence Sufficient To Establish That They Meet The Prerequisites For A Class Action**

"The party seeking to certify a class bears the burden of demonstrating numerosity, commonality, typicality, and adequacy" under FRCP 23(a). Caridad v. Metro-North Commuter R.R., 191 F.3d 283, 291 (2d Cir. 1999), cert. denied, 529 U.S. 1107 (2000). A class "may only be certified if the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied." General Telephone Co. v. Falcon, 457 U.S. 147, 161 (1982). Because a "rigorous analysis" is required, "[i]t is ... clear that plaintiffs may not rest on the pleadings alone." Cokely v. New York Convention Ctr. Operating Corp., 2003 U.S. Dist. LEXIS 5198 at *7 (S.D.N.Y. 2003). "[I]n making a certification decision, a judge must look somewhere between the pleadings and the fruits of discovery. Enough must be laid bare to let the judge survey the factual scene on a kind of sketchy relief map, leaving for later view the myriad of details that cover the terrain." In re Philip Morris, Inc. (Philip Morris Cos.. v. National Asbestos Workers Med. Fund), 214 F.3d 132, 135 (2d Cir. 2000) (citation and internal punctuation omitted). "[T]he evidence supplied by plaintiffs for use by the court in

3

its analysis must be such that it could be received into evidence." Cokely at *8 (citing In re Visa Check/Mastermoney Antitrust Lit., 280 F.3d 124, 135 (2d Cir. 2001)).

Here, Plaintiffs have provided no evidence to support their motion to certify the class. Instead, Plaintiffs rely on unsworn statements contained in paragraphs "4" and "5" of the Complaint and unsworn statements in their memorandum. See, e.g., Plaintiffs' Memorandum at 6-7. Given that "rigorous analysis" is required, and no cognizable evidence is provided, Plaintiffs' motion should be denied with leave to renew upon an appropriate record.

### B. Plaintiffs Have Failed to Establish That The Class Is So Numerous That Joinder Is Impracticable

#### i. The proposed class' size is small enough that joinder is practical

The party seeking class certification must make "a reasonable estimate of the size of the class, or a positive showing that joinder would be impracticable." Oboler v. Insurance Co. of No. Am., 1994 U.S. Dist. LEXIS 10916 at *15 (S.D.N.Y.) (citing DeMarco v. Edens, 390 F.2d 835 (2d Cir. 1968)). In evaluating the requirement that the putative class be "so numerous that joinder of all members is impracticable," courts consider the number of members, avoidance of multiple suits, geographic dispersion of class members, the ability of members to institute individual suits, and requests for prospective

injunctive relief that would affect future class members. See Robidoux v. Celani, 987 F.2d 931, 936 (2d Cir. 1993).

Here, Plaintiffs state that at the time this action commenced, "approximately 13" class members were hospitalized at Kirby. Complaint, ¶ 4(i). Small class sizes often indicate certification should not be granted. See Danis v. USN Communications, 189 F.R.D. 391, 399 (D.N. Ill. 1999). That court held that "[c]ertification of classes containing less than twenty-five members is generally not permitted absent special circumstances" Id. (citations omitted). Other courts have employed similar numerical minimums. See, e.g., Ansari v. New York University, 179 F.R.D. 112, 114 (S.D.N.Y. 1998)(generally, less than 21 class members indicates numerosity requirement not satisfied); Powers v. Government Employees Insurance Co., 192 F.R.D. 313, 316 (S.D. Fla 1998) (less than 21 class members inadequate for class certification); Ikonen v. Hartz Mountain Corp., 122 F.R.D. 258, 262 (S.D. Cal 1988)(a class of 20 is not large enough for class certification).

It is true that "Rule 23 does not impose an absolute minimum on the permissible number of class members." Danis, 189 F.R.D. at 399. However, the number of members in a class directly impacts whether "joinder is impracticable," which lies at the heart of an analysis of numerosity. See Town of New Castle v. Yonkers Contracting Co., 131 F.R.D. 38, 40 (S.D.N.Y. 1990).

Here, the class is small enough that joinder is practical. Furthermore, Plaintiffs' memorandum states that Mental Hygiene Legal Service ("MHLS"), the Plaintiffs' counsel, regularly receives documents identifying potential plaintiffs from Kirby. Plaintiffs' Memorandum at 6. Clearly, then, MHLS is in a special position to identify and join potential plaintiffs to this litigation. Given the small size of the class, and MHLS' unique ability to find and join class members, Plaintiffs have not made an adequate demonstration that joinder is impracticable.

### ii. The proposed class' size is not so fluid as to warrant certification of a class

Plaintiffs note that "[w]here a class is fluctuating, class certification may serve to preserve claims for court review that would otherwise become moot during the pendency of an action." Plaintiffs' Memorandum at 9. The Complaint indicates that Plaintiff Michael B. entered Kirby in July, 2002, and was still there on February 3, 2005, when the Complaint was signed. Complaint, ¶¶ 28-31. Likewise, Plaintiff Eugene C. was placed at Kirby in July, 2004, and Plaintiff Eddie L. was placed at Kirby in November, 2004. Id., ¶¶ 32-39. Given that potential plaintiffs can be expected to remain at Kirby for months, if not years, and given MHLS' special ability to identify and join potential plaintiffs, the purported fluidity of the class does not weigh in favor of a finding that joinder is impracticable.

6

### iii. The declaratory relief sought does not warrant class certification, as Defendants are government officials

That Plaintiffs seek prospective injunctive relief in itself does not warrant class certification. Defendants are public officials and the Plaintiffs seek to enjoin governmental policies or practices. See Berger v. Heckler, 771 F.2d 1556, 1566 (2d Cir. 1985); Galvan v. Levine, 490 F.2d 1255, 1261 (2d Cir. 1973), cert. denied, 417 U.S. 936 (1974); Ruiz v. Blum, 549 F. Supp. 871, 878 (S.D.N.Y. 1982); Aluminum Co. of America v. Federal Trade Comm., 67 F.R.D. 510, 511 (S.D.N.Y. 1975). If a plaintiff challenges the constitutionality of a public policy and obtains injunctive or declaratory relief, then the defendant official, who is bound to follow the law, will provide that relief to all others similarly situated. See Berger, 771 F.2d at 1566-67; Galvan, 490 F.2d at 1261; Ruiz, 549 F. Supp. at 878; Aluminum Co., 67 F.R.D. at 511.

Here, the Defendants include the Commissioner of OMH and the Director of Kirby. The class of persons affected by any order would be limited to CPL 730.40 defendants placed at Kirby. Obviously, any relief that Plaintiffs obtain will inure to the benefit of CPL 730.40 defendants at Kirby. For this reason, class certification is not necessary.

### iv. MHLS' duty to represent potential plaintiffs weighs against class certification

Plaintiffs note "that incarcerated or institutionalized individuals lack sufficient access to legal information," but that argument is inapplicable here. Plaintiffs' Memorandum at 11. Plaintiffs are entitled to representation by MHLS. The Complaint notes that MHLS is "an agency mandated pursuant to [MHL] 47.03 to provide legal services and assistance to all patients in the custody of the OMH." Complaint, ¶ 27. Given that MHLS has a duty to represent Kirby patients, and that it is, in fact, doing so by means of this action, and given its unique ability to identify and join potential plaintiffs, it is difficult to see how potential plaintiffs would be harmed by allowing them to join this action and pursue their own rights. Likewise, MHLS is presumably experienced in addressing any "fear of reprisal" that might otherwise prevent a potential plaintiff's legitimate pursuit of legal remedies. Plaintiffs' Memorandum at 12.

### v. The interests of judicial economy need not prevent potential plaintiffs from pursuing and controlling their own remedies

Plaintiffs argue that the interests of judicial economy support certification of a class, noting that "[t]here is no necessity for encumbering the judicial process with 25 lawsuits if one will do." Plaintiffs' Memorandum at 13. However, where the size of the class is small, there is no reason to deprive

potential plaintiffs of their ability to pursue and control their own legal remedies. Here, in particular, when an expedited state remedy by means of Article 78 of the Civil Practice Law and Rules ("CPLR") is available to potential plaintiffs, those persons may prefer to pursue that remedy rather than pursue a more protracted federal remedy.

### vi. That all potential plaintiffs are located at Kirby weighs against certification of a class

Plaintiffs fail to address other numerosity factors which mitigate against certification of a class. "Joinder is considered more practical when all members of the class are from the same geographic area." Andrews v. Brechtel Power Corp., 780 F.2d 124, 131-132 (1st Cir. 1985)(citing, inter alia, Zeidman v. J. Ray McDermott & Co., 651 F.2d 1030, 1038 (5th Cir. 1981). Similarly, another court found that "geographic dispersion" directly impacted whether or not joinder was practicable. Garcia v. Gloor, 618 F.2d 264, 267 (5th Cir. 1980). This court also stressed that the "ease of identifying [class] members and determining their addresses" should weigh into a numerosity analysis. Id.

All of the potential plaintiffs are patients at Kirby. MHLS receives reports of what new patients have been received by Kirby. The discrete geographic source of potential class members and the notice MHLS receives of new patients suggests that they can be easily joined, which weighs against certification of a class.

9

Plaintiffs fail to provide substantive support for their claim that joinder is impracticable in this case. Given the small class size, MHLS' unique ability to identify and join potential plaintiffs, MHLS' duty to provide legal representation to potential plaintiffs, and the ability to ensure that potential plaintiffs have the ability to pursue and control their own legal remedies, this Court should find that Plaintiffs have not satisfied the numerosity requirement in this case.

**C. Plaintiffs Fail to Establish Commonality**

"The commonality requirement is met if plaintiffs' grievances share a common question of law or of fact." Robinson v. Metro-North Commuter R.R., 267 F.3d 147, 155 (2d Cir. 2001) (citation omitted). "The commonality requirement may be met when individual circumstances of class members differ, but their inquiries derive from a unitary course of conduct. A single common question may be sufficient to satisfy the commonality requirement. The critical inquiry is whether the common questions are at the core of the cause of action alleged." Dunnigan v. Metro Life, 214 F.R.D. 125, 137 (S.D.N.Y. 2003) (citations and internal punctuation omitted).

The Complaint alleges that within twenty-four hours of the issuance of a CPL 730.40 order, "someone in OMH designates" either a secure or nonsecure facility in which the subject of the order will be placed. Complaint, ¶¶ 11-14. Plaintiffs allege that

10

"the common wrong" suffered by members of the proposed class is that Defendants are "not required to prove their need for retention in a secure facility, but may retain them in a secure facility nonetheless." Plaintiffs' Memorandum at 15. In their motion to dismiss, Defendants allege that such a placement need not be proved in an MHL Article 9 proceeding and that New York's administrative appeals process adequately protects Plaintiffs' rights. See Defendants' Memorandum of Law in Support of Motion to Dismiss Complaint, dated March 23, 2005. If so, Plaintiffs have not stated a "common wrong" that they suffer.

### D. Plaintiffs Have Not Demonstrated That Their Claims Are Typical Of All Class Members

"Typicality requires that the claims of the class representatives be typical of those of the class, and is satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." Robinson, 267 F.3d at 155 (citation and internal punctuation omitted). "While it is settled that the mere existence of individualized factual questions with respect to the class representative's claim will not bar class certification, class certification is inappropriate where a putative class representative is subject to unique defenses which threaten to become the focus of the litigation." Dunnigan, 214 F.R.D. at 137 (citations and internal punctuation omitted).

At this stage of the litigation, it is unclear whether the claims of the Plaintiffs can be characterized as typical of the other class members, because it is not clear why Plaintiffs were placed at Kirby. The Complaint suggests that there may exist individualized factual questions with respect to at least two of the three proposed class representatives. See Complaint, ¶¶ 32-39 (Plaintiffs Eugene C. and Eddie L. were placed at Kirby on CPL 730.40 Temporary Orders of Commitment). Given the uncertain evidence Plaintiffs have offered in support of class certification, this Court should find that they have not established that their claims are typical of the proposed class.

### E. The Named Plaintiffs Cannot Fairly and Adequately Protect the Interests of the Proposed Class

For similar reasons, this Court should not find that the proposed class representatives will fairly and adequately protect the interests of the proposed class. As noted in subpoint D, supra, the Second Circuit has noted that "[r]egardless of whether the issue is framed in terms of the typicality of the representative's claims or the adequacy of its representation there is a danger that absent class members will suffer if their representative is preoccupied with defenses unique to it." Gary Plastic Packaging Corp. v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 903 F.2d 176, 180 (2d Cir. 1990) (citations omitted).

As noted earlier, Plaintiff Michael B., who was charged with a misdemeanor, was placed at Kirby on a CPL 730.40 Final Order of Observation while Plaintiffs Eugene C. and Eddie L., who were

12

charged with felonies, were placed at Kirby under CPL 730.40 Temporary Orders of Observation. Complaint, ¶¶ 28, 32, 37-38. No other evidence is offered concerning these Plaintiffs' placement at Kirby. At this stage in the litigation, it would be premature for this Court to find that the named Plaintiffs will adequately represent the interests of the proposed class. For this reason, this Court should find that the Plaintiffs have failed to meet their burden of proof on this issue.

<div align="center">**POINT II**</div>

**PLAINTIFFS FAIL TO DEMONSTRATE THAT A CLASS ACTION IS MAINTAINABLE**

In addition to satisfying the prerequisites to a class action, Plaintiffs must show that a class action is maintainable. FRCP 23 (b). Plaintiffs allege that Defendants have "acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief to the class as a whole .... " Plaintiffs' Memorandum at 19; Complaint, ¶ 5.

Here, the Appellate Division, First Department, has held that patients who believe they have been improperly placed at Kirby may obtain administrative review of their placement "by applying for a transfer to a nonsecure facility under 14 NYCRR Part 517." Matter of Consilvio v. Michael B., 307 A.D.2d 852, 853 (1st Dep't 2003), appeal dismissed, 1 N.Y.3d 545 (2003), appeal denied 2 N.Y.3d 701 (2004); see also Matter of John K. v.

<div align="center">13</div>

Consilvio, 9 A.D.3d 256 (1st Dep't 2004) (MHL 9.35 Rehearing and review not proper forum to seek transfer from secure facility). Furthermore, if the applicant is dissatisfied with the result of that administrative proceeding, he can seek judicial review under CPLR article 78. 307 A.D.2d at 853. Plaintiffs and their counsel have been aware of this holding since August 21, 2003, when Michael B. was decided. Nevertheless, none of the named Plaintiffs have attempted to obtain administrative review of their placement at Kirby. Given their failure to use that review, or even demand that Defendants act in any way, Plaintiffs cannot demonstrate that Defendants have "acted or refused to act on grounds generally applicable to the class." Therefore, this Court should find that Plaintiffs have failed to demonstrate that a class action is maintainable.[1]

---

[1] Defendants take no position on Plaintiffs' claim that their class counsel will fairly and adequately represent the class. Plaintiffs' Memorandum at 19-21.

14

**CONCLUSION**

For all the foregoing reasons, this Court should deny the motion for certification of a class action.

Dated: New York, New York
       June 6, 2005

<div style="margin-left:40%">

ELIOT SPITZER
Attorney General of the State
 of New York
<u>Attorney for Defendants</u>
By:

_____
EDWARD J. CURTIS, JR. (2121)
Assistant Attorney General

</div>

EDWARD J. CURTIS, JR.
JAMILA BERRIDGE
Assistant Attorneys General
<u>of Counsel</u>

W. BRAD JARMAN
Law Student Intern