```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
MARVIN BERNSTEIN, Director,                   :
Mental Hygiene Legal Service,                 :
First Judicial Department, and                :
MICHAEL B., EUGENE C., and                    :
EDDIE L., patients at Kirby Forensic          :
Psychiatric Facility, on behalf of themselves :
and on behalf of all others                   :
similarly situated,                           :
                    Plaintiffs,               :
            -v.-                              :           05 Civ. 1322 (GEL)(THK)
                                              :
GEORGE E. PATAKI, in his official capacity as :
Governor of the State of New York,            :
SHARON CARPINELLO, in her official capacity   :
 as Commissioner of the                       :
New York State Office of Mental Health,       :
and EILEEN CONSILVIO,                         :
in her official capacity as Director of Kirby :
Forensic Psychiatric Facility,                :
                                              :
                    Defendants.               :
---------------------------------------------------------------X
```

**Plaintiffs' Reply Memorandum of Law in Support of Motion for Class Certification**

                                            MARVIN BERNSTEIN, Director
                                            Mental Hygiene Legal Service, First Dept.
                                            <u>Attorneys for Plaintiffs</u>
                                            60 Madison Avenue, 2nd Floor
                                            New York, New York 10010
                                            Phone: (212) 779-1734

                                            June 10, 2005

          STEPHEN J. HARKAVY
          SADIE ZEA ISHEE
                <u>Of Counsel</u>

# TABLE OF CONTENTS

                                                                                                                     Page

**TABLE OF AUTHORITIES** .................................................................. i

**PRELIMINARY STATEMENT** ............................................................. 1

**ARGUMENT** ....................................................................................... 1

    **POINT ONE** ..................................................................................... 1

        **PLAINTIFFS HAVE MET THEIR BURDEN OF SATISFYING THE PREREQUISITES FOR CLASS CERTIFICATION** .............. 1

            A.  The facts asserted in plaintiffs' complaint remain uncontested, and are supported by admissible evidence ..................... 1

            B.  Defendants erroneously suggest that numerosity has not been met because joinder of these plaintiffs is practicable ........... 3

                i.  The proposed class fluctuates so much in number and identity of members that joinder is impracticable .... 3

                ii.  Defendants' suggestion that class certification would impinge on Plaintiffs' ability to pursue alternative available remedies is baseless ..................... 4

            C.  Plaintiffs have adequately established commonality ........... 5

            D.  Plaintiffs have adequately demonstrated typicality and have suggested no valid reason that the named plaintiffs could not fairly and adequately represent the interests of the class .... 5

    **POINT TWO** ..................................................................................... 7

**PLAINTIFFS' CHALLENGE TO THE CONSTITUTIONALITY OF THE DEFENDANTS' PROCEDURES FOR RETAINING CIVIL PATIENTS IN A HIGH-SECURITY PSYCHIATRIC HOSPITAL IS MAINTAINABLE AS A CLASS ACTION PURSUANT TO FRCP 23(b)** .................................................................................. 7

**CONCLUSION** .................................................................................. 9

## TABLE OF AUTHORITIES

### CASES

Page

*Amchem Prods., Inc., v. Windsor*, 521 U.S. 591 (1997) ................................ 6

*Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 222 F.3d 52 (2d Cir. 2000) ............ 7

*Caridad v. Metro-North Commuter R.R.*, 191 F.3d 283 (2d Cir. 1999) ................... 8

*County of Riverside v. McLaughlin*, 500 U.S. 44 (1991) ................................ 4

*DeMarco v. Robertson Stephens Inc.*, 2005 WL 120233 at *5 (S.D.N.Y. 2005) .......... 1, 2

*Reynolds v. Giuliani*, 118 F.Supp.2d 352 & n.33 (S.D.N.Y. 2000) ...................... 4

*Robinson v. Metro-North Commuter R.R.*, 267 F.3d 147 (2d Cir. 2001) ................. 6

### STATUTES

**CPL § 730.40** ................................................................ 5

**Fed. R. Civ. P. 11** ............................................................. 1

**Fed. R. Civ. P. 23** ......................................................... passim

**Federal Rule of Evidence 803** ................................................... 2

**Local Civil Rule 1.10** ......................................................... 1

**MHL § 730.40** ................................................................ 6

**MHL § 9.33** .................................................................. 6

## PRELIMINARY STATEMENT

Plaintiffs Marvin Bernstein, Michael B., Eugene C., and Eddie L. submit this memorandum of law in reply to defendants' opposition to their motion, pursuant to Fed. R. Civ. P. 23, to certify this lawsuit as a class action.

## ARGUMENT

### POINT ONE

### PLAINTIFFS HAVE MET THEIR BURDEN OF SATISFYING THE PREREQUISITES FOR CLASS CERTIFICATION.

A.  The facts asserted in plaintiffs' complaint remain uncontested, and are supported by admissible evidence.

Defendants assert that this Court should deny this class certification motion without prejudice and with leave to renew, and that plaintiffs should be compelled to provide additional evidence in favor of the motion.  *See* Defendants' Memorandum in Opposition ("Def. Mem.") at 4.  Specifically, defendants suggest that plaintiffs should submit sworn affidavits attesting to certain facts asserted in their memo of law: namely, the process by which plaintiffs' attorneys identified members of the putative class.  *Id.* at 2.

Plaintiffs do not believe that sworn affidavits on this point are required by the Rules of Civil Procedure.  *See* Fed. R. Civ. P. 11 (b)(3) (by filing a written motion, attorney certifies that "the allegations and other factual contentions have evidentiary support"); *see also, e.g., DeMarco v. Robertson Stephens Inc.*, 2005 WL 120233 at *5 (S.D.N.Y. 2005)(citing, in support of finding that class would be certified, factual statements from plaintiffs' memorandum of law).  Indeed, under Local Civil Rule 1.10, a statement signed by an attorney may serve as an acceptable substitute for an affidavit.  *See* Local Civil Rule 1.10 (b)(1).  Plaintiffs' memorandum of law was

signed in accordance with this Court's Procedures for Electronic Case Filing #8.  Nevertheless, in deference to the defendants, plaintiffs' attorneys have attached herewith an affidavit attesting to these contested facts, in the hope of avoiding protracted motion practice on this point.

Plaintiffs' attorneys are also submitting copies of the records that they relied upon in identifying potential class members.  These documents were generated by the Office of Mental Health (OMH) and by Kirby Forensic Psychiatric Center and are of a type routinely generated by OMH and Kirby in their business of running the hospital.  *See* Ishee Affidavit (attached) at ¶ 4.  The documents are admissible as business records, pursuant to Federal Rule of Evidence 803 (6).

Finally, plaintiffs note that the critical facts contained in their complaint– namely, the fact of each plaintiff's legal status and the fact that New York's statutory scheme, as interpreted and implemented by the defendants, denies plaintiffs a judicial hearing on the question of their need for placement in a high-security psychiatric facility– remain uncontested by the defendants.  Plaintiffs submit that these uncontested facts may be considered by this Court in support of the class certification motion.  *See DeMarco*, 2005 WL 120233 at *2 ("Lower courts in this Circuit have considered, as part of [a class certification] showing, expert opinions, evidence (by document, affidavit, live testimony, or otherwise), or the uncontested allegations of the complaint.")(citation omitted).  Considering these together, plaintiffs here have met their burden of demonstrating that they can satisfy the requirements for class certification, pursuant to Fed. R. Civ. P. 23.

B.  Defendants erroneously suggest that numerosity has not been met because joinder of these plaintiffs is practicable.

    **i. The proposed class fluctuates so much in number and identity of members that joinder is impracticable.**

Defendants contend that "[h]ere, the class is small enough that joinder [of all plainitffs] is practicable." Def. Mem. at 6.  But in light of the fact that members of the putative class are constantly being moved in and out of Kirby, joinder would essentially require a steady stream of motion practice for the duration of this litigation, as new admittees at Kirby sought to join the action and those leaving OMH custody lost their standing to maintain the suit.  As set forth in the accompanying affidavit, only four of the original thirteen class members identified by Plaintiffs' counsel currently remain at Kirby.  *See* Ishee Aff. at ¶ 11.  Yet because additional persons falling within the ambit of the proposed class have been admitted to Kirby in the interim period, the class currently numbers approximately ten persons.  *Id.*  At one point in March 2005, approximately 17 persons at Kirby fell within the scope of the class.  *Id.* at ¶ 10.  The motion practice that would be engendered by these fluctuations in the number and identity of persons with standing to bring suit if class certification were denied would waste judicial resources and divert the time and attention of all concerned from the substantive issues that this suit seeks to resolve.

This problem of wasted resources is not avoided, as defendants suggest, because MHLS has the ability to identify potential plaintiffs shortly after their admission to Kirby.  *See* Def. Mem. At 6, 8. The fact that MHLS is able to identify persons affected by Defendants' challenged policies does not mean that it is practical for MHLS, or anyone else, to bring individual suits on behalf of each of these persons, particularly where, as here, there is the distinct possibility that

3

the claims of these individuals will become moot in the course of the litigation.

Furthermore, these types of fluctuations in the number and identity of persons with standing to bring suit is one of the barriers to litigation that the class action rule was designed to alleviate. *See County of Riverside v. McLaughlin*, 500 U.S. 44, 51-52 (1991). Plaintiffs may preserve the merits of a controversy by instituting a class action, particularly where their claims are so inherently transitory that the claims of any individual plaintiff would likely become moot during the pendency of the litigation. *Id.* In this case, these individual plaintiffs' ability to maintain suit should not be conditioned on OMH's continued retention of them in the intrusive, high-security setting of Kirby. Class certification can protect against this result.

### ii. Defendants' suggestion that class certification would impinge on Plaintiffs' ability to pursue alternative available remedies is baseless.

Defendants suggest that certain potential plaintiffs "may prefer to pursue [administrative remedies] rather than pursue a more protracted federal remedy." Def. Mem. at 9. Plaintiffs have continually maintained that the available administrative remedies repeatedly relied upon by the defendants are both illusory and constitutionally inadequate to protect Plaintiffs' due process and equal protection rights. *See* Plaintiffs' Memorandum of Law in Opposition to Motion to Dismiss. Nevertheless, there is no reason that any individual plaintiff could not attempt to pursue such administrative remedies while this suit is pending. By raising a systemic challenge to the adequacy of the state's procedures attendant to their placement in a high-security mental hospital, individual plaintiffs do not waive their right to utilize the challenged procedures, to the greatest extent possible, during the pendency of their suit. *See, e.g.*, *Reynolds v. Giuliani*, 118 F.Supp.2d 352, 383-84 & n.33 (S.D.N.Y. 2000)(noting that administrative review proceedings are not an appropriate forum to raise systemic challenges to such administrative procedures).

Defendants are incorrect in suggesting that the rights of individual plaintiffs could somehow be compromised by the certification of this suit as a class action.

C.  Plaintiffs have adequately established commonality.

Defendants claim that plaintiffs have not established commonality because "[i]n their motion to dismiss, defendants allege that . . . New York's administrative appeals process adequately protects Plaintiffs' rights.  If so, Plaintiffs have not stated a 'common wrong' that they suffer."  Def. Mem. at 11 (citation omitted).  In essence, Defendants seek to rely on the substantive arguments set forth in their pending motion to dismiss to allege a lack of commonality among the proposed class members.  This argument fundamentally misapprehends the commonality prong of Fed. R. Civ. P. 23 (a), which asks only whether "there are questions of law or fact common to the class," not whether plaintiffs' allegations ultimately amount to a legal wrong.  Indeed, by citing their own defense to the claims of all class members, Defendants essentially concede that there are questions of law common to all class members.

D. Plaintiffs have adequately demonstrated typicality and  have suggested no valid reason that the named plaintiffs could not fairly and adequately represent the interests of the class.

Defendants contend that it would be "premature" to assess the typicality or adequacy of the named class representatives because the only facts known about the named plaintiffs are that Michael B. was charged with a misdemeanor and placed at Kirby on a CPL § 730.40 Final order of retention, while plaintiffs Eugene C. and Eddie L. were charged with felonies and placed at Kirby under CPL § 730.40 Temporary orders.[1]  Def. Mem. at 12-13.  Although the Defendants

---

[1]As explained in N.Y. CPL § 730.40(1), a "Final" order is issued under that provision when the underlying criminal accusatory instrument is something "other than a felony complaint."  A "Temporary" order is issued when the accusatory instrument is a felony complaint.  Persons on "Final" status may be converted to the status of involuntary civil

appear to suggest that the question of whether these persons were originally arrested for misdemeanors or felonies is somehow relevant to this litigation, MHL § 730.40(2) requires that the criminal complaints against *any* § 730.40 patient, Temporary or Final, must be dropped before that patient is converted to civil status under MHL § 9.33.  Thus, none of the named Plaintiffs have outstanding criminal charges, and the facts surrounding their underlying criminal charges are in no way relevant to this litigation.  Plaintiffs' complaint questions whether the *procedures* by which the plaintiffs were retained at Kirby are constitutionally acceptable.  The only fact about the individual plaintiffs that is relevant to this inquiry is their legal status while in OMH custody, which would trigger the procedures in question.  The underlying circumstances which caused plaintiffs to be arrested and found unfit to stand trial are no more relevant in this action than a defendant's underlying criminal conduct would be relevant to a *Batson* challenge or a claim of ineffective assistance of counsel.

      Defendants acknowledge that typicality is satisfied if "each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability."  Def. Mem. at 11 (*citing Robinson v. Metro-North Commuter R.R.*, 267 F.3d 147, 155 (2d Cir. 2001).  Similarly, the adequacy prong of the class certification inquiry requires Plaintiffs to show that the named class representative "possess[es] the same interest and suffer[s] the same injury as the class members," and seeks to uncover potential conflicts between the named plaintiffs and the class they represent.  *Amchem Prods., Inc., v. Windsor*, 521 U.S.

---

psychiatric patients immediately upon their arrival at a mental health facility, while persons on Temporary status will be converted to involuntary civil status only if they fail to regain competency within 90 days of their admission to a hospital.  *See* MHL § 730.40; Complaint ¶ 14.  The distinction between the two groups ceases to be relevant once a patient has been converted to civil status.

591, 625-26 (1997). Factual differences between named representatives and other class members will defeat a finding of adequacy only where such factual differences "threaten to become the focus of the litigation." *Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 222 F.3d 52, 59 (2d Cir. 2000).

Here, each class member's claim arises from the same challenged policies and statutes, which are used by the Defendants in the same way vis-a-vis each class member. The legal argument asserted by all class members is identical. Typicality has thus been satisfied. Furthermore, no question of individual damages or defenses is presented by this case; Plaintiffs simply seek a determination of the constitutionality of the mechanism by which they were retained at Kirby. Any minor variances that might exist in the underlying facts of the Plaintiffs' individual cases have nothing to do with whether the procedures utilized by the Defendants to civilly retain them are acceptable procedures. Thus, adequacy has likewise been satisfied.

## POINT TWO

### PLAINTIFFS' CHALLENGE TO THE CONSTITUTIONALITY OF THE DEFENDANTS' PROCEDURES FOR RETAINING CIVIL PATIENTS IN A HIGH-SECURITY PSYCHIATRIC HOSPITAL IS MAINTAINABLE AS A CLASS ACTION PURSUANT TO FRCP 23(b).

Defendants contend that Plaintiffs cannot maintain this case as a class action, although they seek injunctive and declaratory relief with respect to the class as a whole, because Plaintiffs have not availed themselves of an administrative review procedure that is available to them under New York law. Def. Mem. at 13-14. But the gist of Plaintiffs' complaint is that the administrative review procedure cited by defendants is constitutionally inadequate and fails to comport with due process and equal protection. Thus, Defendants essentially ask this Court to deny class certification by finding that their substantive position in this action is correct, and that

7

the administrative procedure in question comports with the constitution's requirements.  But a class certification motion is not an occasion to examine the merits of the parties' substantive positions.  *Caridad v. Metro-North Commuter R.R.*, 191 F.3d 283, 291-92 (2d Cir. 1999).

Fed. R. Civ. P. 23(b)(2) asks only whether the defendants have acted or refused to act on grounds applicable to all members of the class, making declaratory or injunctive relief appropriate.  Here, Plaintiffs contend that the Defendants have or will retain them at Kirby using procedures that are constitutionally inadequate.  All Plaintiffs have been or will be retained using the same procedures, which are implemented and executed by the defendants.  Plainly, Defendants' challenged actions are equally applicable to all members of the class, and, if Plaintiffs prevail on the merits of their claims, declaratory and injunctive relief will be appropriate.

## CONCLUSION

Plaintiffs have satisfied their burden of demonstrating that joinder of all class members would be impracticable in light of the fluctuating nature of the class; that the case seeks to resolve legal claims common to all class members; and that the named class representatives are typical of the class and will adequately protect the interests of the unnamed class members. Further, Plaintiffs' complaint is grounded on actions taken by the defendants with respect to the class as a whole, and injunctive and declaratory relief could therefore be granted. Plaintiffs have therefore demonstrated their entitlement to class certification.

Dated: New York, New York
      June 10, 2005

                                    MARVIN BERNSTEIN, Director
                                    Mental Hygiene Legal Service, First Dept.
                                      S/
                                    By: SADIE ZEA ISHEE (SI-9540)
                                    Staff Attorney
SADIE ZEA ISHEE                      60 Madison Avenue, 2nd Floor
STEPHEN J. HARKAVY            New York, New York 10010
    <u>of Counsel</u>                         Phone:  (212) 779-1734