

06-0481
Bernstein v. Pataki

SDNY / New York City
05-W-1322
Lynch

## UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 0.23 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)." UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT http://www.ca2.uscourts.gov/), THE PARTY CITING THE SUMMARY ORDER MUST FILE AND SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED. IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 3rd day of April, two thousand and seven.

Present:    ROSEMARY S. POOLER,
            REENA RAGGI,
                    Circuit Judges,

            LEONARD B. SAND,[*]
                    District Judge.



UNITED STATES COURT OF APPEALS
FILED
APR – 3 2007
Thomas Asreen, Acting Clerk
SECOND CIRCUIT

---

Marvin Bernstein, Director, Mental Health Legal Service, First Judicial Department, Michael B., patient at Kirby Forensic Psychiatric Facility, on behalf of himself and on behalf of all others similarly situated, Eugene C., patient at Kirby Forensic Psychiatric Facility on behalf of himself and on behalf of all others similarly situated, Eddie L., patient at Kirby Forensic Psychiatric Facility on behalf of himself and on behalf of all others similarly situated,

                    Plaintiffs-Appellants,

            -v-                                                  06-0481-cv

George Pataki, in his official capacity as Governor of the State of New York, Sharon Carpinello, in her official capacity as Commissioner of the New York State Office of Mental Health, Eileen Consilvio, in her official capacity as Director of Kirby Forensic Psychiatric Facility,

                    Defendants-Appellees.

---

---

[*]The Honorable Leonard B. Sand, United States District Judge for the Southern District of New York, sitting by designation.

Issued as Mandate: 5/2/07.

| | |
|---|---|
| Appearing for Plaintiffs-Appellants: | Sadie Zea Ishee, Mental Hygiene Legal Service, Marvin Bernstein and Steven J. Harkavy, on the brief, New York, NY |
| Appearing for Defendants-Appellees: | Benjamin N. Gutman, Assistant Solicitor-General for Andrew Cuomo, New York State Attorney-General Robert H. Easton, Deputy Solicitor General on the brief, New York, NY |

Appeal from the United States District Court for the Southern District of New York (Lynch, J.).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal from the decision of said District Court on the motion to dismiss the complaint is **VACATED** and **REMANDED**.

Plaintiffs-appellants formerly housed at Kirby Forensic Psychiatric Facility (the "Kirby Patients") and the associational representative of the putative class Marvin Bernstein ("Bernstein") bring this appeal of the district court's December 13, 2005 order dismissing the complaint in its entirety and the final judgment in favor of defendants-appellees (including the Commissioner of the New York State Office of Mental Health, or "OMH"), entered on December 23, 2005, which terminated the action. We assume the parties' familiarity with the facts, procedural history, and specification of issues on appeal.

Before reaching the merits, we address defendants' contention that the Kirby patients' claims are barred by mootness and that plaintiff Bernstein's claims are barred by res judicata and lack of standing. The district court was not required to resolve the issue of mootness because Eddie L. continued to be retained at Kirby at the time of the court's decision. See Bernstein v. Pataki, 409 F.3d 306, 308 n.1 (S.D.N.Y. 2005) (declining to reach the issue of mootness). Because all of the Kirby patients' have now been transferred to non-secure facilities we are obliged to conclude that their claims would be moot, unless they fall under the exception for cases that are "capable of repetition yet evading review. Sosna v. Iowa, 419 U.S. 393, 399-400 (1975).

The Supreme Court has recognized that this exception may apply in cases where a mentally ill person may again be subjected to the disputed commitment procedures "because of their history of mental illness." Vitek v. Jones, 445 U.S. 480, 486-87 (1980) (quoting and agreeing with the district court's assessment that Jones had presented a live issue). The New York Court of Appeal has found this exception to apply specifically to claims related to assignments to secure psychiatric facilities. In re Chenier v. Richard W., 82 N.Y.2d 830, 832 (1993). "A party seeking to have a case dismissed as moot bears a heavy burden," Lillbask ex rel. Mauclaire, 397 F.3d 77, 84 (2d Cir. 2005); because the record does not provide any indication about whether the Kirby patients are likely to be subjected to the same procedures in the future, defendants have not made the necessary showing of mootness. Accordingly, and because we conclude for reasons stated in the next paragraph that Bernstein's presence in the case establishes our jurisdiction on this appeal, we leave open the question of whether the Kirby patients' claims

are moot for the district court to consider after further development of the factual record.

Defendants also argue, for the first time on appeal, that plaintiff Bernstein is precluded from relitigating in this case the constitutional issues that his agency unsuccessfully advanced in two prior state court proceedings. As to <u>Consilvio v. Michael B.</u>, 307 A.D.2d 852 (2003), which was decided before this suit began, the defendants have waived their preclusion argument by failing to raise it before the district court. <u>See</u> <u>O'Connor v. Pierson</u>, 426 F.3d 187, 194 (2d Cir. 2005) (holding that "[b]ecause claim preclusion is an affirmative defense, the [defendant] was obligated to raise it in the district court"). The second state court decision, <u>State ex rel. Harkavy v. Consilvio</u>, 34 A.D.3d 67 (2006), postdates the district court decision in the present case and thus could not have been raised below. Nevertheless, the issues in <u>Harkavy</u>, which considered claims on behalf of persons designated as "sexually violent predators," were not identical to those in this case. Moreover, the decision of the Appellate Division in <u>Harkavy</u> has subsequently been reversed. <u>State ex rel. Harkavy v. Consilvio</u>, 7 N.Y.3d 607 (2006). Accordingly, that decision does not preclude plaintiff Bernstein's claims here.

Alternatively, defendants argue that plaintiff Bernstein lacks standing. We disagree. The Mental Hygiene Legal Service, which Bernstein directs, is mandated by New York law to "initiate and take any legal action deemed necessary to safeguard the right of any patient to protection from abuse or mistreatment." N.Y. Mental Hyg. Law §47.30(e). Accordingly, if we view Bernstein to be suing on behalf of the agency he heads, that institution may well have associational standing, because it "serves a specialized segment of the State's . . . community which is the primary beneficiary of its activities, including the prosecution of this kind of litigation." <u>Hunt v. Washington State Apple Adver. Comm'n</u>, 432 U.S. 333, 344 (1977). In order to exercise associational standing, however, Bernstein must also show that "the nature of the claim and of the relief sought does not make the individual participation of each injured party indispensible to proper resolution of the case." <u>Id.</u> at 342-43. The declaratory and injunctive relief sought by plaintiffs is consistent with associational standing. <u>See</u> <u>Warth v. Seldin</u>, 422 U.S. 490 515 (1975) ("If in a proper case the association seeks a declaration, injunction, or some other form of prospective relief, it can reasonably be supposed that the remedy, if granted, will inure to the benefit of those members of the association actually injured.).

Whether the nature of the claims in this case requires the participation of individual patients is a closer question, because the contention that individual patients are deprived of liberty is fundamental to these claims. The Supreme Court has unanimously held that this prerequisite to associational standing "is best seen as focusing on these matters of administrative convenience and efficiency, not on elements of a case or controversy within the meaning of the Constitution." <u>United Food & Commercial Workers Union Local 751 v. Brown Group, Inc.</u>, 517 U.S. 544, 557 (1996). In the light of the statutory mandate granted to the Mental Hygiene Legal Service, we conclude that plaintiff Bernstein may also adequately litigate the legal questions at issue in this action.[1] We now proceed to the address the merits of the appeal.

---

[1] We do not here address whether the participation of individual patients may become necessary in subsequent stages of this litigation. Rather, we leave the various possibilities, including potential class certification and/or intervention by additional named parties, to determination, in the first instance, by the district court.

For the purpose of deciding the motion to dismiss, the district court accepted as true the Kirby patients' contention that the conditions of confinement at the State's Forensic Psychiatric Facilities are "'significantly more restrictive' than other 'non-secure treatment facilities' [since they are] 'intended for the confinement of the most dangerous individuals within the New York mental health system." The district court concluded that the Kirby patients, as a matter of law, could not prove that any of their constitutional rights were implicated by their placement in a secure facility without a judicial determination of suitability. We disagree, and for the following reasons, we remand.

The district court concluded that the Kirby patients had no viable procedural due process claim on the basis of our decision in Kulak v. City of New York. 88 F.3d 63 (2d Cir. 1996). In Kulak, this court ruled that the civilly confined do not have a right to be placed in the least restrictive appropriate treatment environment. However, this decision does not pre-empt a claim that a liberty interest is implicated after being placed in a facility that involves more bodily restraint than is medically necessary, a right discussed with approval by the Supreme Court in a decision that this court cannot disturb. Youngberg v. Romeo, 457 U.S. 307 (1982).

The district court correctly notes that courts will defer to a professional judgment that the degree of bodily restraint being utilized is medically necessary; however, there is no evidence in the record that the decision to send the Kirby patients to a secure facility was made on the basis of professional judgment. Accordingly, our position on the presumptive validity of these professional judgments does not bar the procedural due process claim until these facts—if they exist—are established.[2] As we noted in Project Release v. Prevost, in quoting Youngberg, "[t]he standard requiring that the courts make certain that professional judgment in fact was exercised affords the necessary guidance and reflects the proper balance between the legitimate interests of the State and the rights of the involuntarily committed to reasonable conditions of safety and freedom from unreasonable restraints." 722 F.2d 960, 980 (2d Cir. 1983) (internal quotation marks omitted).[3]

Additionally, even if these facts are adduced, it will not preclude a claim that the Kirby patient's right to procedural due process is implicated by the removal of judicial supervision, owing to the fact that New York's commitment regime may give rise to a state-created liberty interest. The district court held that the nonexistence of mandatory language in the relevant statute was fatal to that theory, citing our decision in Rodriguez v. McLoughlin, 214 F.3d 328 (2d Cir. 2000). However, the district court did not cite or consider Wilkinson v. Austin, 545 U.S. 209

---

[2] The OMH argues on appeal that its transfer policies and judicial review of these decisions provide the necessary due process such that if it is lacking before the assignment to Kirby, this is harmless. We disagree, since the OMH conceded at oral argument that to obtain a transfer, a patient at Kirby must first obtain the consent of another hospital's administrator.

[3] The district court's reliance on Meachum v. Fano, 427 U.S. 215 (1976), is also troubling, insofar as its rationale was considered "persuasive" in the context of civil commitments. We note that the Supreme Court has disavowed any notion that involuntary hospitalization could strip away liberty interests in the same manner as an adjudication of guilt, since "[i]n a civil commitment, state power is not exercised in a punitive sense . . . [accordingly] a civil commitment proceeding can in no sense be equated to a criminal prosecution." Addington v. Texas, 441 U.S. 418, 428 (1979) (citations omitted).

4

(2005), which implicitly overrules any holding that is inconsistent with the principle that liberty interests can be implicated even in the absence of a violation of the regulations' mandatory language if the facility imposes "atypical and significant hardship on [plaintiffs] in relation to the ordinary incidents of [incarcerated] life." Id. at 223 (internal citation and quotation marks omitted).

As for the Kirby patients' claim that the placement scheme violates the Equal Protection Clause, the district court erred in applying rational basis scrutiny. Where civilly committed patients allege that they are being subjected to the denial of a fundamental right such as that elucidated in Youngberg, intermediate scrutiny applies. See Francis S. v. Stone, 221 F.3d 100, 111-12 (2d Cir. 2000). Buthy v. Commissioner of Office of Mental Health, 818 F.2d 1046 (2d Cir. 1987) is clearly inapposite, since the restriction being challenged, namely that patients were required to be awake sixteen hours a day, was one that rose "only to a de minimis level of imposition with which the Constitution is not concerned." Id. at 1050 (internal citations and quotation marks omitted). Here, the Kirby patients do not claim they have similar rights to the hypothetical "constitutional right to order from a menu or have maid service," id. at 1051, rather they point to the significant difference in the conditions of confinement between secure and non-secure facilities.

We have carefully considered the remainder of defendants-appellants arguments, and find them to be without merit. Accordingly, for the reasons set forth above, the order and judgment are **VACATED** and the matter is **REMANDED** to the district court for further proceedings consistent with this opinion.

A TRUE COPY
Thomas W. Asreen, Acting Clerk

by _Julia S. Pereni_
DEPUTY CLERK

FOR THE COURT:
Thomas Asreen, Acting Clerk

By: _Lucille Carr_

5