```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X

MARVIN BERNSTEIN, Director, Mental   :
Hygiene Legal Service, First
Judicial Department, and MICHAEL     :
B., EUGENE C., EDDIE L., patients
at Kirby Forensic Psychiatric        :
Facility, on behalf of themselves
and on behalf of all others          :   ANSWER
similarly situated,
                                         05-CV-1322 (GEL)(THK)
                    Plaintiffs,      :

          -against-                  :

GEORGE E. PATAKI, in his official    :
capacity as Governor of the State
of New York, SHARON CARPINELLO, in   :
her official capacity as
Commissioner of the New York State   :
Office of Mental Health, and
EILEEN CONSILVIO, in her official    :
capacity as Director of Kirby
Forensic Psychiatric Facility,       :

                    Defendants.      :

-----------------------------------X
```

Defendants, GEORGE E. PATAKI ("Governor"), SHARON CARPINELLO ("the Commissioner"), and EILEEN CONSILVIO ("the Director"), collectively "defendants[1]," by their attorney, ANDREW M. CUOMO, Attorney General of the State of New York, answer to the Complaint in the above-captioned action and respectfully aver as follows:

As to the Introduction

---

[1]The individual defendants no longer serve in the positions named in the caption of this case.

1.      The allegations contained in paragraph 1 of the Complaint state legal conclusions as to the legal theory of Plaintiffs' claims, and therefore require no response, but to the extent that a response is warranted, Defendants deny each and every allegation contained therein, except state that the patients referenced in paragraph 1, were, but are no longer involuntarily committed patients at Kirby Forensic Psychiatric Facility ("Kirby").

### As to Jurisdiction and Venue

2.      The allegations contained in paragraph 2 of the Complaint state legal conclusions as to the statutory basis for jurisdiction over Plaintiffs' claims, and not statements of fact, and therefore require no response.  To the extent that a response is warranted, Defendants deny each and every allegation contained therein and respectfully refer the court to the statutes cited.

### As to Class Action Allegations

3.      The allegations contained in paragraph 3 of the Complaint state legal conclusions as to the statutory basis for Plaintiff's request to bring this case as a class action, and not statements of fact, and therefore require no response.  To the extent that a response is warranted, Defendants deny each and every allegation contained therein.

4.      The allegations contained in paragraph 4 of the Complaint state legal conclusions as to the statutory basis for Plaintiff's request to bring this case as a class action, and not

statements of fact, and therefore require no response. To the extent that a response is warranted, Defendants deny each and every allegation contained therein.

5.      The allegations contained in paragraph 5 of the Complaint state legal conclusions as to the statutory basis for Plaintiff's request to bring this case as a class action, and not statements of fact, and therefore require no response. To the extent that a response is warranted, Defendants deny each and every allegation contained therein.

### As to the New York Statutory Scheme

6.      Defendants deny the allegations contained in paragraph 6 of the Complaint, but admit that New York State operates secure facilities, including Kirby, which offer programs and services to patients requiring closer supervision than can be given at other hospitals. See 14 NYCRR Part 57.1.

7.      Defendants deny the allegations contained in paragraph 7 of the Complaint.

8.      Defendants deny the allegations contained in paragraph 8 of the Complaint, except admit that OMH hospitals are locked and have security staff.

9.      Defendants deny the allegations contained in paragraph 9 of the Complaint, except admit that OMH authorized secure facilities offer programs and services to patients requiring closer supervision than can be given at other hospitals.

10.     The allegations contained in paragraph 10 of the Complaint state legal conclusions, and not statements of fact, and therefore require no response. To the extent that a response is warranted, Defendants deny each and every allegation contained there and refer this Court to the authority cited for their correct content and meaning.

11.     The allegations contained in paragraph 11 of the Complaint state legal conclusions, and not statements of fact, and therefore require no response. To the extent that a response is warranted, Defendants deny each and every allegation contained therein and refer this Court to the authority cited for their correct content and meaning.

12.     Defendants deny the allegations in paragraph 12 of the Complaint, except state that, pursuant to 730.60(1), OMH designates the hospital to which criminal defendant found not fit to proceed under CPL 730.40 is transferred.

13.     Defendants deny the allegations in paragraph 13 of the Complaint, except admit that there is no hearing as to which hospital a CPL 730.40 defendant is to be transported.

14.     The allegations contained in paragraph 14 of the Complaint state legal conclusions, and not statements of fact, and therefore require no response. To the extent that a response is warranted, Defendants deny each and every allegation contained therein and respectfully refer this Court to CPL Article 730 for the correct content and meaning thereof.

15. The allegations contained in paragraph 15 of the Complaint state legal conclusions, and not statements of fact, and therefore require no response. To the extent that a response is warranted, Defendants deny each and every allegation contained therein and refer this Court to CPL Article 730 and MHL Article 9 for the correct procedure for commitment of CPL 730.40 defendants.

16. The allegations contained in paragraph 16 of the Complaint state legal conclusions, and not statements of fact, and therefore require no response. To the extent that a response is warranted, Defendants deny each and every allegation contained therein and refer this Court to MHL Article 9 for the correct procedure regarding commitment and retention of involuntary patients.

17. The allegations contained in paragraph 17 of the Complaint state legal conclusions, and not statements of fact, and therefore require no response. To the extent that a response is warranted, Defendants deny each and every allegation contained therein and refer this Court to the authority cited for their correct content and meaning.

18. The allegations contained in paragraph 18 of the Complaint state legal conclusions, and not statements of fact, and therefore require no response. To the extent that a response is warranted, Defendants deny each and every allegation contained therein and refer this Court to the authority cited for their

correct content and meaning.

19.     Defendants deny the allegations contained in paragraph 19 of the Complaint, and respectfully refer the court to MHL 9.33 for the correct content and meaning.

20.     Defendants deny the allegations in contained in paragraph 20 of the complaint, except admit that in some cases courts hearing application for retention by Kirby under MHL 9.33 sometimes directed patients to be transferred from Kirby to another OMH hospital.

21.     The allegations contained in paragraph 21 of the Complaint state legal conclusions, and not statements of fact, and therefore require no response. To the extent that a response is warranted, Defendants deny each and every allegation contained therein and respectfully refer the court to the authorities cited therein for the correct content and meaning.

22.     The allegations contained in paragraph 22 of the Complaint state legal conclusions, and not statements of fact, and therefore require no response. To the extent that a response is warranted, Defendants deny each and every allegation contained therein and respectfully refer the court to the authorities cited therein for the correct content and meaning.

23.     The allegations contained in paragraph 23 of the Complaint state legal conclusions, and not statements of fact, and therefore require no response. To the extent that a response is warranted, Defendants deny each and every allegation contained

therein and respectfully refer the court to the authority cited therein for the correct content and meaning.

24.     The allegations contained in paragraph 24 of the Complaint state legal conclusions, and not statements of fact, and therefore require no response.  To the extent that a response is warranted, Defendants deny each and every allegation contained therein and respectfully refer this Court to the authority cited for its correct content and meaning.

25.     The allegations contained in paragraph 25 of the Complaint state legal conclusions, and not statements of fact, and therefore require no response.  To the extent that a response is warranted, Defendants deny each and every allegation contained therein and respectfully refer this Court to the authorities cited for its correct content and meaning.

26.     The allegations contained in paragraph 26 of the Complaint state legal conclusions, and not statements of fact, and therefore require no response.  To the extent that a response is warranted, Defendants deny each and every allegation contained therein and respectfully refer this Court to the authority cited for its correct content and meaning.

## As to the Parties

27.     Defendants deny the allegations contained in paragraph 27 of the Complaint, except admit that Marvin Bernstein is Director of the New York State Mental Hygiene Legal Service ("MHLS") for the First Judicial Department.  Respectfully refer

the court to MHL 47.03 for its correct content and meaning.

28.    Defendants deny the allegations contained in paragraph 28 of the Complaint, except admit that Michael B. ("Mr. B.") was a patient at Kirby beginning July 18, 2002 following a judicial determination that he was unfit to stand trial on misdemeanor criminal charges of Aggravated Harassment and Stalking, these charges were dismissed, and was thereafter admitted to the status of an MHL Article 9 involuntary patient at Kirby.

29.    Defendants deny the allegations in paragraph 29 of the Complaint, but admit that the hearing court directed Michael B's transfer, that the Director appealed the order of transfer, and that the Supreme Court of the State of New York, Appellate Division First Department reversed the hearing court's order of transfer.  Defendants respectfully refer the court to the authority cited for their correct content and meaning.

30.    Defendants deny the allegations contained in paragraph 30 of the Complaint, except admit that such a stipulation was made and counsel for the Defendants attempted to withdraw the stipulation.

31.    Defendants deny the allegations contained in paragraph 31 of the Complaint and state that Mr. B was transferred from Kirby to another OMH facility in or about February 2005 and subsequently discharged.

32.    Defendants deny the allegations in paragraph 32 of

the Complaint, except admit that Eugene C. ("Mr. C"), was admitted as an MHL Article 9 involuntary patient to Kirby in July 2004 following a judicial determination that he was unfit to stand trial on criminal charges and those charges were subsequently dismissed.

    33.    Defendants deny the allegations contained in paragraph 33 of the Complaint, except deny knowledge or information to form a belief as to the allegation concerning Mr. C's behavior and admit that Mr. C's doctors stated that Mr. C required inpatient care and treatment in an authorized secure facility.

    34.    Defendants deny the allegations contained in paragraph 34 of the Complaint, except admit that Mr. C. consented to a six-month retention, and respectfully refer the court to the authority cited therein for its correct content and meaning.

    35.    Defendants deny the allegations in paragraph 35 of the Complaint, except admit that the Director did not allege that Mr. C. suffered from a dangerous mental disorder.

    36.    The allegations contained in paragraph 36 of the Complaint state legal conclusions, and not statements of fact, and therefore require no response.  To the extent that a response is warranted Defendants deny the allegations in paragraph 36, except note that Mr. C was transferred from Kirby in February 2005, and was discharged from the hospital to which he was transferred in January 2006, and thus there will be no further

retention hearings of any kind extending from his July 2004 admission to Kirby.

37. Defendants deny the allegations in paragraph 37 of the Complaint, except admit that Eddie L. was a patient at Kirby in November 2004 after being found unfit to stand trial on criminal charges, that Kirby was unable to restore Eddie L. to competency, and state that Eddie L. became an MHL Article 9 patient and was transferred from Kirby in August 2005.

38. The allegations contained in paragraph 38 of the Complaint contain speculation and state legal conclusions, and not statements of fact, and therefore require no response. To the extent that a response is warranted, Defendants deny each and every allegation contained therein.

39. The allegations contained in paragraph 39 of the Complaint contain speculation and state legal conclusions, and not statements of fact, and therefore require no response. To the extent that a response is warranted, Defendants deny each and every allegation contained therein.

### As to the Defendants

40. Defendants deny the allegations contained in paragraph 40 of the Complaint, except admit that George Pataki was Governor of the State of New York until December 31, 2006.

41. Defendants deny the allegations contained in paragraph 41 of the Complaint, except admit that Sharon Carpinello was the Commissioner of the New York State Office of Mental Health and

was responsible for the overall administration of the state's mental health facilities, until January 19, 2007.

42. Defendants deny the allegations contained in paragraph 42 of the Complaint, except admit that Consilvio was Executive Director of Kirby.

43-57. The allegations contained in paragraphs 43-57 of the Complaint state legal conclusions, and not statements of fact, and therefore require no response. To the extent that a response is warranted, Defendants deny the allegations in these paragraphs.

### AS FOR A FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of mootness.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part under the doctrine of issue preclusion.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part under the Rooker-Feldman doctrine.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

To the extent that plaintiffs are seeking any form of relief against defendant OMH, Kirby, or the individual defendants in their official capacities under New York Law, their claims are barred by the Eleventh Amendment.

WHEREFORE, it is respectfully prayed that the relief requested by plaintiff be in all respects denied, and that the

complaint be dismissed in its entirety, with costs and disbursements.

Dated:
New York, New York
May 31, 2007

                              ANDREW M. CUOMO
                              Attorney General of the
                              State of New York
                              <u>Attorney for Defendants</u>

                              By:

                              _____/s/_____
                              MATTHEW SILVERMAN (MS-4595)

                              Assistant Attorney General
                              120 Broadway - 24th Floor
                              New York, New York 10271
                              (212) 416-8534

TO:

MARVIN BERNSTEIN
Director, Mental Hygiene Legal Service
for the First Judicial Department
(Sadie Zea Ishee, of Counsel)
<u>Attorney for the Plaintiffs</u>
41 Madison, Avenue, 26th Floor
New York, NY 10011
(212) 779-1734

**DECLARATION OF SERVICE**

MATTHEW SILVERMAN, pursuant to 28 U.S.C. § 1746, declares under penalty of perjury as follows:

That on May 31, 2007, I caused one copy of the annexed **Answer** to be served upon:

> Sadie Zea Ishee, Esq.
> Mental Hygiene Legal Service
> 41 Madison Ave., 26th Floor
> New York, NY 10011

within entitled action by causing a true and correct copy thereof, properly enclosed in a postage pre-paid envelope, to be deposited in a Post Office Box regularly maintained by the Government of the United States at 120 Broadway, New York, New York 10271, directed to said plaintiff at the address within the State of New York designated by him for that purpose.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____
MATTHEW SILVERMAN (MS-4595)
Assistant Attorney General

Executed on the 31st day of May, 2007

Case 1:05-cv-01322-GEL    Document 25    Filed 05/31/2007    Page 14 of 15